United States District Court
Southern District of Texas

**ENTERED**

May 15, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES VALENTINIS-DEE, | § | |
| (Inmate # 553045) | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-694 |
| | § | |
| MONTGOMERY COUNTY SHERIFF, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Valentinis-Dee, (Inmate # 553045), is currently being detained in the Montgomery County Jail. Proceeding *pro se*, he filed a rambling pleading that appeared to ask the Court to intervene in his pending state-court criminal proceedings. (Dkt. 1). Based on the relief sought by Valentinis-Dee, the Court construed his pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Valentinis-Dee later filed an amended petition at the Court's request, along with several motions. (Dkts. 8, 9, 11, 12). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] this Court is required

---

[1]Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus, including those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

to review a petition for habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Valentinis-Dee's pleadings, all matters of record, and the law, the Court dismisses his petition for the reasons explained below.

## I.   BACKGROUND

In 2007, Valentinis-Dee was convicted in federal court of one count of bank robbery by force or violence. *See United States v. Valentinis-Dee*, Crim. No. 9:06-cr-00023-MAC-CLS-1 (E.D. Tex. Feb. 20, 2007). After his release from federal prison, he was arrested on state criminal charges in Montgomery County District Court Cause Numbers 23-11-16688-CR and 23-12-19046-CR. *See* Jail Roster, www.jailroster.mctx.org (visited May 12, 2025). He is currently being held in the Montgomery County Jail on those pending state charges.

Valentinis-Dee is no stranger to the federal courts, having filed no fewer than thirty cases in federal courts throughout the southeast. *See* Pacer Case Locator, www.pcl.uscourts.gov (visited May 12, 2025). In January 2025, he filed a pleading in the Eastern District of Texas that raised a number of claims relating to his pending state-court charges and his prior federal conviction. (Dkt. 1). Specifically, Valentinis-Dee alleged that the Montgomery County District Attorney's Office was violating his rights in connection with the pending state criminal proceedings. (*Id.* at 1). He alleged that there are defects in the state-court indictment and he has been

2/ 11

denied bail and a speedy trial. (*Id.* at 2-4). He also sought review of the denial of certain *pro se* motions he had filed in proceedings relating to his federal habeas petition under 28 U.S.C. § 2255. (*Id.* at 1-2).

Because Valentinis-Dee was not challenging the federal conviction that was imposed by the Eastern District, the Eastern District transferred his pleading to this Court. (Dkt. 3). This Court ordered Valentinis-Dee to file an amended petition to clarify his claims and to either pay the filing fee for a habeas petition or file a motion to proceed *in forma pauperis*. (Dkt. 6).

Valentinis-Dee filed his amended petition on April 21, 2025; but rather than clarifying his claims, he added new ones. (Dkt. 11). His amended complaint adds a new claim against the owner of a mobile home park in Porter, Texas, for civil RICO. (*Id.* at 3-6). He adds a new claim that the Montgomery County Sheriff is violating his constitutional rights through the conditions at the jail and by failing to follow the jail's procedures. (*Id.* at pp. 6-7). And he adds a new claim that the Montgomery County District Attorney violated Texas law when convening the grand jury that indicted him. (*Id.* at 6).

In addition to filing his amended complaint, Valentinis-Dee also filed a pleading that he titled a Motion for Summary Judgment but in which he alleges a new claim based on fraud in connection with the commissary contract at the Forrest City Federal Correctional Institution in Arkansas. (Dkt. 8). He also filed a motion

for miscellaneous relief, in which he makes confusing and disjointed allegations concerning liens on real property and claims about probating a last will and testament. (Dkt. 9). In addition, he asks the Court to use its authority under the All Writs Act to vacate his prior state-court convictions for aggravated sexual assault (Montgomery County Cause No. 95-05-00557-CR) and robbery (Montgomery County Cause No. 06-05-05110-CR). (*Id.* at 4-5).

## II.   DISCUSSION

### A.   Claims Arising in the Current State Criminal Proceedings

In his various pleadings, Valentinis-Dee asks this Court to intervene in his pending state-court criminal proceedings because he alleges that the indictment is defective, there were defects in the grand jury proceedings, he has been improperly denied bail, and he has been denied a speedy trial. These claims are barred by the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, federal courts are required to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the State has an important interest in regulating the subject matter of the claim; and (3) the petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("a [p]etitioner must satisfy the *Younger* abstention hurdles before [a

court] may give habeas relief").[2]

Valentinis-Dee's claims meet all three requirements for abstention under *Younger*. Any decision by this Court on his claims concerning the sufficiency of the state-court indictment, the propriety of the grand jury proceedings, his entitlement to bail, and the scheduling of trial would interfere with the ongoing state-court criminal proceedings. *See Younger*, 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws and procedures. *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). And Valentinis-Dee can raise his claims in the state-court proceedings and again on appeal if necessary. *See, e.g., Friemel v. Sheriff, Gregg Cnty*, Civil No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (*Younger* abstention is proper when the "petitioner has the opportunity to challenge the evidence against him at

---

[2]Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger*, 401 U.S. at 49). Valentinis-Dee's multiple filings do not allege facts showing that any of these exceptions apply in his case.

trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings."), *report and recommendation adopted*, 2021 WL 2371227 (E.D. Tex. June 9, 2021).

Because Valentinis-Dee's claims arising from his pending state-court criminal proceedings meet the requirements for *Younger* abstention, the Court declines to exercise jurisdiction and dismisses these claims without prejudice to Valentinis-Dee raising them in the state courts.

## B.    Claims Seeking Review of a Prior Federal Decision

In his initial complaint,[3] Valentinis-Dee appears to ask this Court to reconsider certain rulings made in his prior § 2255 petition.  This Court has no jurisdiction to do so.

Under 28 U.S.C. § 1291, only courts of appeals—not other district courts— have the authority to review decisions of the district courts.  *See also* 28 U.S.C. § 1294 (providing that appeals from the district courts shall be taken to the court of appeals for the circuit including the district).  Because this Court has no jurisdiction

---

[3]In the usual circumstances, an amended petition replaces the initial petition for all purposes, and claims raised in an initial petition and not reasserted in an amended petition are considered abandoned. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). However, because Valentinis-Dee is proceeding *pro se*, the Court must liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Therefore, the Court will briefly address the claims raised in his initial petition.

to reconsider the rulings of another district court, Valentinis-Dee is not entitled to relief on these claims in this action. These claims are dismissed without prejudice to them being raised in the proper forum.

### C.    Claims Unrelated to Valentinis-Dee's Confinement

Valentinis-Dee also raises a number of claims that are unrelated to his current confinement in the Montgomery County Jail. In his "Motion for Summary Judgment," he asks this Court to entertain a claim for alleged improprieties with the commissary at Forrest City Federal Correctional Institution in Arkansas. In his amended petition, he alleges claims against the owner of a private mobile home park. And in several pleadings he alleges that Montgomery County Jail officials are violating jail policies in connection with his cell assignments, disciplinary proceedings, and the handling of his property. None of these claims are properly raised in a habeas corpus petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a writ of habeas corpus "may issue only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." *Shoop v. Twyford*, 596 U.S. 811, 818 (2022). Petitions under 28 U.S.C. § 2254 are used to challenge the constitutionality of a state inmate's detention under a state-court judgment of conviction. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Petitions under 28 U.S.C. § 2241 may be used to challenge the manner in

which a prisoner's sentence is being executed and to challenge certain aspects of pretrial detention. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). But claims unrelated to the prisoner's current confinement are not properly raised in a habeas petition. *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (the writ of habeas corpus exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose"). Further, a habeas petition is not the proper vehicle to attack allegedly unconstitutional conditions of confinement or prison procedures. *See Carson*, 112 F.3d at 820. Further,

While not entirely clear from the pleadings, Valentinis-Dee's claim concerning the prison commissary seems to challenge alleged fraudulent practices by the commissary contractor. His claim against the mobile home park owner appears to be some type of contract dispute. Neither claim challenges either his current detention in the Montgomery County Jail and so is not properly raised in a habeas proceeding. Likewise, his claims against jail officials for their alleged violations of prison procedures must be raised in a civil-rights action, not a habeas petition. Because none of these claims seeks relief that is available in a habeas proceeding, these claims are dismissed without prejudice to them being raised in a proper type of proceeding.

### 4.   Claims Under the All-Writs Act

Finally, Valentinis-Dee asks this Court to vacate his convictions in two prior state-court criminal cases, citing the All-Writs Act, 28 U.S.C. § 1651(a). (Dkt. 9, pp. 4-5). "The All-Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). But the All-Writs Act may not be used as a substitute when another statute specifically addresses the particular request at hand. *Id.* In addition, the All-Writs Act may not be used to avoid the procedural requirements found in those statutes that would otherwise apply. *See Shoop*, 596 U.S. at 818.

In the context of state-court convictions, 28 U.S.C. § 2254 grants federal courts the authority to review state-court judgments of conviction. But the procedural rules governing § 2254 petitions require that the petitioner be "in custody" under the conviction he is challenging when he files the petition. 28 U.S.C. § 2254(a). Federal district courts do not have jurisdiction to entertain a § 2254 petition challenging a conviction or sentence when the petitioner is no longer "in custody" under that conviction when he files the petition. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). Here, Valentinis-Dee is no longer in custody on either Montgomery County Cause No. 95-05-00557-CR or 06-05-05110-CR, so he is not entitled to relief under

9/ 11

§ 2254. And because his claims would otherwise fall within § 2254, he may not use the All Writs Act to avoid those procedural rules and limitations.

In some cases, federal petitioners who are no longer in custody on a prior conviction can use the All-Writs Act to seek a writ of error *coram nobis*. That writ permits a petitioner to challenge a prior conviction on certain bases even when the petitioner is no longer in custody on that conviction. *See United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994). However, the Fifth Circuit has held that the writ of *coram nobis* "is not available in federal court to attack state criminal judgments" because it "can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); *see also Green v. Director, TDCJ–CID*, No. 5:24-cv-146-RWS-JBB, 2025 WL 1140222, at *2 (E.D. Tex. Apr. 17, 2025). Therefore, Valentinis-Dee is not entitled to relief from his prior state-court convictions through a writ of error *coram nobis* under the All-Writs Act.

Because Valentinis-Dee is not entitled to proceed under the All-Writs Act, his claim seeking to vacate his prior state-court convictions under that Act is dismissed without prejudice to being raised in a proper forum.

## III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Valentinis-Dee's petition for writ of habeas corpus under 28 U.S.C. § 2241

10/ 11

(Dkt. 1), is **DISMISSED without prejudice** to him seeking relief in the appropriate forum.

2. All pending motions, including the Motion for Summary Judgment, (Dkt. 8), Motion for Miscellaneous Relief, (Dkt. 9), and Motion for Discretionary Review, (Dkt. 12), are **DENIED as moot**.

3. Final judgment will be separate entered.

4. No certificate of appealability will be issued. *See Pack*, 218 F.3d at 451 n.3. The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____ May 15 _____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE